**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DENECE THOMAS, etc.,** | ) | **CASE NO.  1:19CV1419** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **TOMS KING (OHIO), LLC, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #13) of Defendants TOMS King (Ohio) LLC, TOMS King (Ohio II) LLC and TOMS King Services LLC to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1).  For the following reasons, the Motion is granted and the above-captioned Complaint is dismissed without prejudice.

**I. BACKGROUND**

On June 19, 2019, Plaintiff on behalf of herself and all others similarly situated, brought this Class Action Complaint against the TOMS King Defendants for violations of the Fair and Accurate Credit Transactions Act ("FACTA"), specifically 15 U.S.C. § 1681c(g) which provides:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

Plaintiff alleges that at one of Defendants' locations on June 26, 2017, Defendants printed the first six digits and the last four digits of her card number on the printed receipt. (Complaint ¶ 4, ¶ 44). By doing so, "Defendants have harmed Plaintiff and the Class by exposing them to at least an increased and material risk of identity theft and credit and/or debit card fraud." (¶ 9). Plaintiff alleges further at ¶ 10, that:

> the first 6 and last 4 digits of the card number either alone and/or in conjunction with other information can be used to bolster the credibility of a criminal who is making pretext calls to a card holder or engaging in e-mail phishing scams in order to learn other personal financial information, such as bank account numbers, social security numbers, date of birth, employment data, etc. Access to such information not only allows for the misuse of card information but also allows criminals to potentially obtain additional credit cards, obtain loans for vehicles, obtain home mortgages, obtain a passport in the consumer's name, and other similarly serious fraudulent acts that can cause serious harm to the consumer's financial and personal life.

Defendants' "violation of FACTA's prohibition against printing excess digits of a card number presents a significant risk of the exact harm that Congress intended to prevent—the display of card information that could be exploited by an identity thief." (¶ 13). The first six digits identify the card and the card issuer. (¶ 14, ¶ 15).

In this situation, "Plaintiff and Class members must take additional steps to ensure the safety of his or her identity; he or she may not simply crumple the receipt and throw it into a nearby trash can, but must review it to assess what was printed, hold on to it, and perhaps shred it or cut it up later." (¶ 16).

Furthermore, "to the extent Defendants retained a copy of Plaintiff's receipt(s)

and/or the information contained therein (such as the first 6 and last 4 digits of the card number), such retention provides an additional access point for the information to persons other than Plaintiff, and thereby further increases the risk of harm to Plaintiff and other customers similarly situated." (¶ 17).

Plaintiff alleges that Defendants' actions were not accidental. Despite being on notice of FACTA requirements since at least 2007, "Defendants knowingly, willfully, intentionally, and recklessly disregarded FACTA's requirements and used cash registers and or other machines or devices that printed receipts in violation of FACTA." (¶ 56).

Plaintiff prays for statutory damages pursuant to 15 U.S.C. § 1681n for Defendants' willful violations, punitive damages, attorneys' fees and costs.

In their Motion (ECF DKT #13), Defendants argue that Plaintiff's Complaint sets forth only a bare procedural violation of FACTA, *i.e.*, providing a single point-of-sale transaction receipt that allegedly fails to comply with the statute. Consequently, Plaintiff's Complaint "fails to satisfy the actual case or controversy jurisdictional requirement set forth in Article III of the United States Constitution, and therefore fails to establish that this Court has subject matter jurisdiction over her claim or the claims of the putative class members she seeks to represent." (ECF DKT #13-1 at 1).

## II. LAW AND ANALYSIS

**Subject Matter Jurisdiction**

Fed. R. Civ. P. 12(b)(1) states in pertinent part:

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction...

When challenged on a motion to dismiss, it is plaintiff's burden to prove the existence of subject matter jurisdiction. *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir.1986). Such challenges are brought by two different methods: (1) facial attacks and (2) factual attacks. *See, e.g., United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994). "A facial attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Walters v. Leavitt*, 376 F.Supp.2d 746, 752 (E.D. Mich 2005), citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, . . . and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Walters* at 752.

Defendants are bringing a facial challenge to Plaintiff's Complaint. "When reviewing a facial attack, a district court takes the allegations in the complaint as true," though conclusory allegations and legal conclusions will not prevent dismissal. *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007); *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009).

**Case or Controversy; Standing**

Standing is an "essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff must show three things to demonstrate standing: 1) an injury in fact that is concrete and particularized, as well as actual or imminent; 2) a causal relationship between the injury and

the complained-of conduct; and 3) a likelihood that the injury can be redressed by a decision in the plaintiff's favor.  *See Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000); *N.E. Fla. Chapter of the Assoc. Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 663-64 (1993).

For an injury to be particularized, it must "affect the plaintiff in a personal and individual way."  *Spokeo v. Robbins*, 136 S.Ct. 1540, 1548 (2016) (quotation marks and citation omitted).  To be concrete, the injury must be real and not abstract.  *Id*.  However, the injury need not be physical.  *Washegesic v. Bloomingdale Pub. Sch.*, 33 F.3d 679 (6th Cir. 1994).  Even where the injury is non-physical, though, it must still personally affect the plaintiff.  *Valley Forge Christian Coll. v. Americans United for Separation of Church & State*, *Inc.*, 454 U.S. 464, 485 (1982).

The plaintiff bears the burden of alleging sufficient facts to demonstrate standing. *Warth v. Seldin*, 422 U.S. 490, 518 (1975).  "Threshold individual standing is a prerequisite for all actions, including class actions."  *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998).

Alleging a bare procedural violation of a federal statute is not enough.  *Spokeo*, 136 S.Ct. at 1550.  "Article III standing requires a concrete injury even in the context of a statutory violation."  *Id.* at 1549.  "If a claimant has not suffered a genuine harm or risk of harm, a federal court has no business entertaining his lawsuit."  *Huff v. TeleCheck Services, Inc.*, 923 F.3d 458, 465 (6th Cir. 2019).

**FACTA**

Congress enacted FACTA, 15 U.S.C. § 1681c(g), as a 2003 amendment to the Fair

Credit Reporting Act (the "FCRA"), in an effort to prevent identity theft. *Kamal v. J. Crew Grp., Inc.*, 918 F.3d 102 at 106 (3d Cir.2019). Unfortunately, the Sixth Circuit provides no direct guidance, as it has not had occasion to consider the question of standing in a case involving a violation of FACTA.

**Merits of Plaintiff's Complaint**

The Court finds that the very recent decision in *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855 (6th Cir. 2020), which affirmed dismissal of a Fair Debt Collection Practices Act (FDCPA) complaint for lack of subject matter jurisdiction, is instructive. "When a plaintiff claims to have standing based on the threat of a future injury, it is not enough that the future injury is reasonably likely to occur—the 'threatened injury must be certainly impending.'" *Buchholz*, 946 F.3d at 865, *quoting Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410, 133 S.Ct. 1138, 185 L.Ed.2d 264 (2013). "[A] plaintiff cannot create an injury by taking precautionary measures against a speculative fear." *Buchholz*, 946 F.3d at 865.

To reiterate, Plaintiff alleges that Defendants printed the first six digits and the last four digits of her card on the printed receipt. Both Plaintiff and Defendants acknowledge that the first six digits identify the card issuer and do not reveal any of Plaintiff's personal identifying information. There is no allegation that the improperly-truncated receipt was lost, stolen or viewed by someone else. Plaintiff only speculates that Defendants may have retained a copy of the receipt or of the information contained within it. Moreover, Plaintiff describes steps she felt she had to take to safeguard her identity, such as holding onto the receipt or shredding it. Plaintiff regards these measures as compensable under the statute.

This Court, like the Sixth Circuit in *Buchholz*, finds Plaintiff's threat of future harm is

not "certainly impending."  Moreover, Plaintiff cannot "manufacture" standing by taking precautionary measures against speculative future injury.  *Buchholz*, 946 F.3d at 865-66.

Plaintiff alleges that Defendants' conduct created an increased risk to her of identity theft.  Since *Spokeo*, a plaintiff claiming a statutory violation must do more and must show a material risk of real harm to a concrete interest, not merely a "marginal increase" in the risk of harm.  *McCloud v. Save-A-Lot Knoxville, LLC*, 388 F.Supp.3d 954, 968 (E.D.Tenn. 2019) (dismissing FACTA class action for lack of standing) (citing *Macy v. GC Services, Limited Partnership*, 897 F.3d 747, 756 (6th Cir. 2018)).

Defendants admit that taking Plaintiff's allegations as true, a technical violation of FACTA  is presumed.  (ECF DKT #17 at 7).  Nevertheless, a complaint asserting a mere violation of FACTA without factual allegations of any actual or material risk of identity theft does not confer Article III standing.  *Hullinger v. Park Grove Inn, Inc*., No. 3:17CV400, 2018 WL 3040571 at *1 (E.D.Tenn. Jun. 19, 2018).

When Congress enacted FACTA, the intent of mandating the truncation of credit/debit card numbers was to counter third parties' use of financial information found on lost or stolen receipts to perpetrate fraud or identity theft.  Congress has not prohibited the printing of the issuing institution on a credit card receipt.  Therefore, a number of courts hold that such a technical violation does not result in the type of harm that Congress sought to prevent when it enacted FACTA, since the first six digits "gives an identity thief no more personal information about a person's account than Congress has permitted to be printed on receipts."  *Hullinger*, 2018 WL 3040571 at *2 (printing the first six digits, the last four digits and the expiration date did not confer Article III standing) (quoting *Katz v. Donna Karan Company*,

LLC, 2017 WL 4126942 at *5 (2nd Cir. Sept. 19, 2017) (holding that printing the first six digits of a credit card number on a receipt did not result in a material risk of identity theft absent other allegations of harm)). See also, *Kamal*, 918 F.3d 102; *Everett v. Memphis Light Gas and Water Div.*, 2017 WL 1830165 (W.D. Tenn. Apr. 18, 2017); *Headrick v. Aramark Corp.*, 2017 WL 1397241 at *4-5 (E.D. Pa. Apr. 18, 2017) (holding that merely alleging an increased risk of identity theft due to the printing of ten digits of credit card account number on receipt was insufficient to establish injury in fact where plaintiff was in possession of the receipt and no one else had seen it).

### III. CONCLUSION

In closing, the Court finds that Defendants' technical violation of FACTA demonstrates no harm to Plaintiff's identity. Plaintiff's allegations of hypothetical future injury are insufficiently concrete to confer Article III standing. Without standing, the Court has no subject matter jurisdiction over Plaintiff's FACTA claims or that of the class she purports to represent. Therefore, the Motion (ECF DKT #13) of Defendants TOMS King (Ohio) LLC, TOMS King (Ohio II) LLC and TOMS King Services LLC to Dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) is granted and the above-captioned Complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

DATE: 8/26/2020   s/Christopher A. Boyko
           **CHRISTOPHER A. BOYKO**
           **Senior United States District Judge**